889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carrie L. SAMUELS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 89-2064.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1989.
Decided Nov. 2, 1989.
 
 Joseph Chodes for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief Social Security Litigation Division, Lawrence J. Harder, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, for appellee.
 Before HARRISON L. WINTER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carrie L. Samuels appeals the district court's finding that the final decision of the Secretary of Health and Human Services denying her claim for disability insurance benefits was based upon substantial evidence. If the decision of the Secretary is based upon substantial evidence, then under 42 U.S.C. Sec. 405(g) it must be affirmed. After a careful review of the record and the briefs, we conclude that substantial evidence does support the decision, and we affirm.
 
 
 2
 Mrs. Samuels worked for 23 years as a waitress, and she alleges that she became disabled on August 7, 1983 at the age of 51 years. On August 4, 1983 she suffered a stroke but, according to her treating physician, she made a rapid recovery. Her claim for social security disability benefits was filed on March 28, 1985, and it was denied. On appeal the district court remanded the case to the Secretary for further proceedings and to consider the claimant's claim that her pain prevented her from engaging in light work. On remand additional evidence was submitted, and the Secretary again denied the claim.
 
 
 3
 On appeal the district court found that the Secretary's second decision was supported by substantial evidence and we agree.
 
 
 4
 On remand the Secretary had the benefit of the testimony of a vocational expert who testified that the plaintiff could perform light work even with her complaints of pain and that many light work jobs were available. Also, one of the plaintiff's treating physicians was of the opinion that Mrs. Samuels was capable of performing light work. These opinions are sufficient to meet the substantial evidence requirement, and the decision of the district court is
 
 
 5
 AFFIRMED.